ELLA M. ROSE v. DEMPSTER MILL MANUFACTURING
COMPANY.

FILED FEBRUARY 22, 1906. No. 14,136.

Evidence examined, and *held* sufficient to sustain the judgment of the
district court.

ERROR to the district court for Gage county: WILLIAM
H. KELLIGAR, JUDGE. *Affirmed.*

*G. M. Johnston,* for plaintiff in error.

*Rinaker & Bibb, Hazlett & Jack* and *F. M. Prout,*
contra.

OLDHAM, C.

This suit had its origin in an action by the plaintiff
below, who is also plaintiff in error, to foreclose a real
estate mortgage on certain lands situated in Gage county,
Nebraska. The mortgage was executed by defendant
Hoyt and wife, and after the execution of the mortgage
the property was ·conveyed subject to the mortgage to the
defendant Dempster Mill Manufacturing Company. When
the suit to foreclose the mortgage was filed, the petition
alleged, in substance, that the defendant Dempster com-
pany had assumed and agreed to pay the mortgage as part
of the purchase price of the premises. There was personal
service on the Dempster company, and Honorable F. N.
Prout was employed by the company to defend the action.
Promptly after his employment Mr. Prout filed a motion
to require plaintiff to give security for the costs, the
plaintiff being a nonresident of the county. This motion
was filed in vacation, and remained on the files for some
time, when it was confessed by the plaintiff without the
knowledge of Mr. Prout, and proper security was given.
When the court convened, after the filing of the motion,
Mr. Prout was in attendance as a member of the state

senate of Nebraska, at Lincoln.  It appears from the tes-
timony that he spoke to the Honorable C. B. Letton, the
judge of the district court, who was about to hold court in
Gage county, and requested the judge not to take any
action in any of the cases in which he (Prout) was en-
gaged without giving him notice.  In response to this
request, Judge Letton said that he would see that no
undue advantage was taken of Mr. Prout's absence, and
that no orders would be made in cases in which he was
interested without giving him an opportunity to be pres-
ent and to be heard.  Relying on this assurance Mr. Prout
did not appear at the court in Gage county, and the clerk
of the court, by inadvertence, had not entered his name on
the docket as attorney for the Dempster company in this
case.  When the case was reached the defendant was given
leave to file an answer, but no notice of such fact was com-
municated to Mr. Prout because the court was unaware
that this was one of his cases.  On default of answer a
decree was rendered in the foreclosure proceeding, which
found, among other things, that the Dempster mill com-
pany had assumed and agreed to pay the mortgage as part
of the purchase price of the premises.  On the coming in
of the report of the sale there was a deficiency of nearly
$1,700, which was entered as a personal judgment against
the defendant mill company.

At a subsequent term of the court the defendant mill
company filed its petition under section 602 *et seq.* of the
code to set aside the default formerly entered against it
and to permit it to defend against its liability for a per-
sonal judgment.  An answer was tendered with the peti-
tion, denying that the defendant had ever assumed or
agreed to pay the mortgage in controversy.  A hearing on
the application to set aside the default was had before the
same learned trial judge who had entered the original de-
fault, and who was personally familiar with the diligence
or laches with which defendant's attorney had attempted to
defend the action.  On such hearing the application to set
aside the default was granted and defendant was permitted

53

to answer. This order of the district court was afterwards brought to this court for review, but the proceeding was dismissed because the order setting aside the default was not a final order. Thereafter issue was joined on the answer of the defendant denying its liability for a personal judgment in the action. On the hearing of this issue the testimony clearly established the fact that the defendant had neither by the terms of the deed nor in any other manner ever assumed or agreed to pay the mortgage in controversy. On this showing the court rendered its judgment in favor of the defendant, and to reverse this judgment plaintiff brings error to this court.

We have examined the testimony contained in the bill of exceptions, and are satisfied that the evidence fully warrants the conclusion reached by the trial court, and that the judgment rendered is the only one that could be supported by either the law or the conscience of the case. We therefore recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.

LETTON, J., not sitting.